# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| vs. | : CRIMINAL NO. 06-485 |
| | : |
| SEAN HAGINS | : |

## **O R D E R**

AND NOW, this      day of              , 2007, upon consideration of the Motion of Defendant, Sean Hagins, to Suppress Tape Recorded or other Electronic Surveillance Evidence, it is hereby ORDERED that a hearing is granted on the      day of              , 2007, at    , .m., in Courtroom    , United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania.

BY THE COURT:

_____
HONORABLE LEGROME DAVIS
UNITED STATES DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | CRIMINAL NO. 06-485 |
| | : | |
| SEAN HAGINS | : | |

## MOTION OF DEFENDANT SEAN HAGINS TO SUPPRESS
## TAPE RECORDED OR OTHER ELECTRONIC SURVEILLANCE EVIDENCE

Defendant, Sean Hagins, by and through his attorney, Marc Neff, Esquire, hereby moves this Court to suppress the tape recorded or other electronic surveillance evidence, and in support thereof avers as follows:

1. On or about December 16, 2006, Mr. Hagins was indicted and charged with violations of Title 18, United States Code, §371, 18 U.S.C. §924(c) and 18 U.S.C. §922(g)(1).

2. Mr. Hagins has knowledge, information or a belief that the government intends to attempt to introduce into evidence, at trial, certain tape recorded or other electronic surveillance evidence relating to conversations and events allegedly involving him.

3. It will be necessary for the Court to determine whether the Government can fulfill its strict obligations concerning, <u>inter alia</u>, the integrity of the tape recordings in question and the procurement of proper equipment to make the audio or video tape recordings.

4. Upon information and belief, the undersigned counsel respectfully avers that the government will be unable to conform to the elements articulated in <u>United States v. Starks</u>, 515 F.2d 112 (3rd Cir. 1975).

WHEREFORE, defendant, Sean Hagins, respectfully requests that the tape recorded or other electronic surveillance evidence relating to conversations and events allegedly involving Mr. Hagins be suppressed after a hearing.

                Respectfully submitted,

                /s/ Marc Neff
                MARC NEFF, ESQUIRE
                123 South Broad Street
                Suite 1812
                Philadelphia, PA 19109
                215-563-9800
                Attorney for Defendant
                Sean Hagins

Date: March 21, 2007

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | CRIMINAL NO. 06-485 |
| | : | |
| SEAN HAGINS | : | |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF
DEFENDANT SEAN HAGINS TO SUPPRESS TAPE RECORDED
OR OTHER ELECTRONIC SURVEILLANCE EVIDENCE**

Title 18, United States Code, Section 2511(2)(c) provides that it is lawful for a person acting under color of law to intercept a wire or oral communication when one of the parties to the communication has given prior consent. This obviates the need for a warrant or court approval prior to the interception of this type of communication. See United States v. Armocida, 515 F.2d 49, 52 (3rd Cir. 1975); United States v. Santillo, 507 F.2d 629, 632 (3rd. Cir. 1975).

The government's burden in establishing a sufficient foundation for the admission of tape recordings at trial was articulated in United States v. Starks, 515 F.2d 112 (3rd Cir. 1975). There, the Court held that the government must establish the following:

(a) That the recording device was capable of recording the conversations;
(b) That the operator was competent to operate the device;
(c) That the recordings are authentic and correct;
(d) That no changes in, additions to, or deletions from the tape recordings have been made;
(e) That the tape recordings have been properly preserved;
(f) That the speakers on the tape recordings are properly identified;
(g) That the party consenting to the conversations has freely and voluntarily provided consent.

Id. at 121.

In United States v. Fuentes, 563 F.2d 527, 532 (2nd Cir. 1977), the Court held that these seven elements articulated in Starks are merely a guide for the admissibility of tape recordings and

not a rigid, unbending test. The decision to admit tape recordings into evidence is reversible only if the district court abused its discretion. See United States v. Jackson, 649 F.2d 967, 977 (3rd Cir.), cert. denied, sub. nom. Bailey v. United States, 454 U.S. 871 (1981). Furthermore, "the fact that certain portions of the tape are inaudible does not render the entire tape inadmissible." United States v. Gordon, 688 F.2d 42, 44 (8th Cir. 1982). Accord United States v. Nicholson, 815 F.2d 61, 62 (8th Cir 1987). Where a tape recording is challenged on the grounds of audibility, the question for the court to determine is whether the inaudible portions are so substantial so as to render the recordings, as a whole, untrustworthy. This determination is within the sound discretion of the trial judge. See United States v. Carbone, 798 F.2d 21, 24 (1st Cir. 1986); United States v. Robinson, 763 F.2d 778, 781-82 (6th Cir. 1985).

It is well settled that a trial court has discretion to admit into evidence transcripts of recorded conversations if the transcripts are a useful aide to the jurors. See United States v. Adams, 759 F.2d 1099, 1115 (3rd Cir.), cert. denied sub. nom. Mustacchio v. United States, 474 U.S. 904 (1985). If the defense disagrees with the government's transcript, the defense may offer its own version of the transcript. See United States v. Lucero, 601 F.2d 1147, 1149 n.2 (10th Cir. 1979). Furthermore, if the defense claims that the government's translation is inaccurate, the defendant has the burden of presenting another translation so that the jury can choose which version to believe. United States v. Llians, 603 F.2d 506, 509 (5th Cir. 1979), cert. denied, 444 U.S. 1079 (1980).

Thus, for the foregoing reasons, defendant Sean Hagins respectfully requests that this Court grant the Motion to Suppress Tape Recorded or Other Electronic Surveillance Evidence after a hearing.

                                Respectfully submitted,

                                /s/ Marc Neff
                                MARC NEFF, ESQUIRE
                                123 South Broad Street
                                Suite 1812
                                Philadelphia, PA 19109
                                215-563-9800
                                Attorney for Defendant
                                Sean Hagins

Date:  March 21, 2007

# CERTIFICATE OF SERVICE

I, Marc Neff, hereby certify that a true and correct copy of the within Motion for Defendant was served upon the following persons:

        Denise Wolf, Esquire
        Assistant United States Attorney
        United States Attorney's Office
        615 Chestnut Street
        Suite 1250
        Philadelphia, PA 19106-4476


         /s/ Marc Neff
        MARC NEFF, ESQUIRE
        123 South Broad Street
        Suite 1812
        Philadelphia, PA 19109
        215-563-9800
        Attorney for Defendant
        Sean Hagins


Date: March 21, 2007