**DLD-137**　　　　　　　　　　　　　　　　　　　　　　　　　　　　**March 19, 2015**
<u>**UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT**</u>

C.A. No. **14-2751**

UNITED STATES OF AMERICA

v.

SEAN L. HAGINS, Appellant

(E.D. Pa. Crim. No. 2-06-cr-00485-001)
(Criminal treated as civil)

Present: FISHER, SHWARTZ and SLOVITER, <u>Circuit</u> Judges

> Submitted is Appellant's request for a certificate of appealability under 28 U.S.C. § 2253(c)(1)
>
> in the above-captioned case.

　　　　　　　　　　　　　　　　　　Respectfully,


　　　　　　　　　　　　　　　　　　Clerk

MMW/CAD/cjg
　　　　　　　　　　　　　　　　ORDER
　　　The foregoing request for a certificate of appealability is denied as Hagins has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c). The District Court concluded that Hagins' claims that he received ineffective assistance of trial counsel and sentencing counsel were either procedurally barred or lacked merit. The District Court properly determined that the claims that Hagins raised on direct appeal could not be relitigated in a § 2255 proceeding. United States v. DeRewal, 10 F.3d 100, 105 n.4 (3d Cir. 1993). While the District Court had jurisdiction to consider claims of ineffective assistance of trial counsel that had not been previously raised, see Massaro v. United States, 538 U.S. 500, 504 (2003), Hagins has not shown that reasonable jurists would find the District Court's alternative ruling on the merits of those claims debatable or wrong. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Similarly, Hagins has not

**DLD-137**
C.A. No. **14-2751**

UNITED STATES OF AMERICA
   v.
SEAN L. HAGINS, Appellant
**Page 2**

---

shown that reasonable jurists would find the District Court's assessment of his ineffective assistance of sentencing counsel claims debatable or wrong.

                By the Court,

                s/ D. Michael Fisher
                Circuit Judge

Dated: March 26, 2015
CLW/CJG/cc: Mr. Sean L. Hagins
             Paul G. Shapiro, Esq.

A True Copy:

Marcia M. Waldron

Marcia M. Waldron, Clerk
Certified order issued in lieu of mandate.