IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | |
| SEAN L. HAGINS | NO. 06-0485 |

**MEMORANDUM OPINION**

Defendant Sean Hagins moves for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), in consideration of his health risks and the conditions of confinement he has experienced due to the COVID-19 pandemic, in addition disputing the validity and length of his sentence. For the reasons that follow, his motion will be denied.

I.  BACKGROUND

Hagins is currently serving a 360-month sentence for illegally purchasing firearms with the aid of another who, acting under Hagins's instruction, falsely filled out firearms purchase forms. Hagins also brandished a gun at a motorist on the highway in December 2004. On March 6, 2008, a jury found Hagins guilty of one count of conspiracy to make false statements in the purchase of firearms, in violation of 18 U.S.C. § 371, and four counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Hagins was sentenced to 360 months imprisonment and three years of supervised release. Hagins has served approximately 199 months of his sentence. He is currently serving his sentence at FCI Otisville.

While the case was originally before Judge Legrome D. Davis, it was randomly reassigned to Judge C. Darnell Jones, II on August 21, 2018, and again on December 2, 2022 from Judge Jones to Judge Wendy Beetlestone. Hagins requested compassionate release from the warden of FCI Otisville on or about March 3, 2023. On April 5, 2023, Hagins filed this

motion for compassionate release.[1]  On May 16, 2023, the Government responded to Hagins's motion.

## II.    DISCUSSION

The First Step Act's amendments to Section 3582(c) "allow incarcerated defendants to seek compassionate release from a court on their own motion, not just through the Bureau of Prisons." *United States v. Thorpe*, 2019 WL 6119214, at *1 (C.D. Ill. Nov. 18, 2019); *see* 18 U.S.C. § 3582(c)(1)(A) ("[T]he court, . . . upon motion of the defendant . . . may reduce the term of imprisonment. . . ."). Before a court may consider a motion for compassionate release, a defendant must first exhaust administrative remedies.  *See* 18 U.S.C § 3582(c)(1)(A) (explaining that a defendant may bring a motion for compassionate release after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]").  Provided the defendant has exhausted his administrative remedies, Section 3582(c) permits a district court to reduce a defendant's sentence "after considering the factors set forth in section [18 U.S.C.] § 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling circumstances warrant such a reduction . . . and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  The Sentencing Commission's applicable policy statement essentially mirrors this language, adding that a sentence reduction may be granted only if "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."  U.S.S.G. § 1B1.13(1)(A)(2).

---

[1] Following his motion for compassionate release, Hagins also filed on April 21, 2023, an additional Notice of Upcoming Relevant Authority under the United States Sentencing Guidelines [sic].  Rule 7.1 of the Eastern District of Pennsylvania's Local Rules sets out procedures for subsequent filings following a motion which Hagins failed to follow with this Notice filing.  E.D. Pa. Civ. R. 7.1.  It will be considered, however, because courts "tend to be flexible when applying procedural rules to pro se litigants, especially when interpreting their pleadings."  *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013).

Because Hagins exhausted his administrative remedies by unsuccessfully seeking compassionate release from the warden of FCI Otisville on March 3, 2023, his sentence may be reduced if: 1) extraordinary and compelling circumstances warrant such a reduction; 2) he is not a danger to the safety of another person or to the community; and, 3) release is appropriate in consideration of the relevant factors set forth in Section 3553(a).

First, Hagins contests the validity of his charges and length of his sentence, but neither is an appropriate argument for compassionate release under to Section 3582, as "the appropriate vehicle for doing so is a [Section] 2255 motion." *United States v. Lebron*, 598 F. App'x 817, 818 (3d Cir. 2015); *see also United States v. Andrews*, 12 F.4th 255, 260-61 (3d Cir. 2021), *cert. denied*, 142 S. Ct. 1446 (2022) ("The duration of a lawfully imposed sentence does not create an extraordinary or compelling circumstance."); *United States v. Williams*, 2023 WL 3496340, at *1 (3d Cir. May 17, 2023) ("[N]onretroactive changes to mandatory minimums . . . do not present extraordinary or compelling reasons for release[.]"); *United States v. Amato*, 2022 WL 4126159, at *3 (2d Cir. Aug. 31, 2022) ("If a defendant contends his conviction by a federal court is invalid, Congress has provided a vehicle to raise such a challenge through a motion pursuant to 28 U.S.C. § 2255, which imposes particular procedural limitations.  A defendant cannot evade this collateral review structure by attacking the validity of his conviction through § 3582. Accordingly, we conclude, arguments challenging the validity of an underlying conviction cannot be raised in a § 3582 motion as part of the § 3553(a) sentencing factors.  Rather, such arguments are properly raised on direct appeal or collateral review pursuant to 28 U.S.C. § 2255.") (per curiam); *accord United States v. Wilson*, 2022 WL 15431188, at *2 (3d Cir. Oct. 27, 2022) (citing *Amato* for the rule "that § 3582(c)(1)(A) provides a mechanism to seek a reduction in the term of a sentence, not to challenge its validity."); *see also United States v.*

*Holmes*, 2022 WL 3657180, at *2 (3d Cir. Aug. 25, 2022) (rejecting motion for compassionate release which would have typically been brought pursuant to Section 2255); *United States v. Henderson*, 858 F. App'x 466, 469 n.2 (3d Cir. 2021) (finding claims aiming to vacate a sentence "can be raised only in a § 2255 motion"). As such, these arguments do not justify compassionate release and will be dismissed.[2]

While Section 3582 does not define "extraordinary and compelling" circumstances that warrant relief, the Sentencing Commission's policy statement elaborates on the term in an application note. *See* U.S.S.G. § 1B1.13, cmt. n.1(A)-(D). It is the defendant's burden "to prove extraordinary and compelling reasons exist." *United States v. Adeyemi*, 2020 WL 3642478, at *16 (E.D. Pa. July 6, 2020). In his compassionate release motion, Hagins raises three allegedly extraordinary and compelling reasons: (1) his medical conditions; (2) increased hardship of his confinement due to COVID-19 measures; and, (3) his good behavior and rehabilitation, in addition to his validity arguments addressed *supra*.

Hagins argues that his chronic asthma, hypertension/high blood pressure, high cholesterol, and obesity[3] justify compassionate release. Hagins avers that to control his medical conditions he collectively requires seven medications. While the Government contends that there is no material change in Hagins's health, Hagins states that at age fifty-one his health continues to naturally decline. These medical issues, Hagins argues, on top of the COVID-19

---

[2] Hagins has already moved to vacate and set aside his sentence under Section 2255, which Judge Davis (the judge then assigned to this case) denied. (ECF Nos. 205 & 211). The Third Circuit refused to issue a certificate of appealability as to Hagins's 2255 motion and denied his second or successive 2255 motion. (ECF Nos. 216 & 236). As such, Hagins may not bring these claims in a new 2255 motion unless and until the Third Circuit permits him a second or successive motion.

[3] The CDC recognizes those with BMIs between 30 and 40 to be obese. CDC, *People with Certain Medical Conditions* (May 11, 2023) https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#MedicalConditionsAdults. The Government notes Hagins's BMI is 32.4. Thus, Hagins may be considered obese under the CDC standard.

pandemic create conditions beyond what is usual and present an increased danger of irreparable harm.  The Government reports that Hagins's medical conditions are well controlled, and he is provided the necessary medications.  Hagins reports that he received both COVID-19 vaccination doses and at least one booster dose.

      The CDC ("CDC") recognizes increased risks to those who are obese or have asthma as well as "possibly" increased risks to those with hypertension (or high blood pressure) who contract COVID-19.  CDC, *People with Certain Medical Conditions* (May 11, 2023) https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#MedicalConditionsAdults.  However, the CDC also identified that COVID-19 vaccination and booster vaccination are the best way to protect against severe illness from COVID-19.  CDC, *Staying Up to Date with COVID-19 Vaccines Including Boosters* (May 23, 2023) https://www.cdc.gov/coronavirus/2019-ncov/vaccines/stay-up-to-date.html.  "District Courts in the Third Circuit consistently agree that an FDA-approved vaccination against COVID-19 lessens the risk of serious illness or death from COVID-19 such that the threat of the pandemic, even combined with pre-existing medical conditions, does not constitute an extraordinary and compelling reason for compassionate release." *United States v. Hannigan*, 2022 WL 815449, at *15 (E.D. Pa. Mar. 17, 2022) (collecting cases) ("Even in the era of the highly transmissible omicron variant, Moderna vaccination and booster shot is highly effective against severe illness."); *see also United States v. Gatson*, 2022 WL 7857288, at *1 (3d Cir. Oct. 14, 2022) (finding that being "fully vaccinated[,]" without determining that the defendant received a COVID-19 booster vaccination, "reduces his risk of serious illness" and affirming the District Court's denial of compassionate release); *United States v. Thomas*, 2022 WL 296594, at *1, 2 (3d Cir. Feb. 1, 2022) (affirming a district court's denial of compassionate release for a

defendant with "obesity and high blood pressure" where "vaccination reduced the [defendant's] health risks[.]"); *United States v. Hicks*, 2021 WL 4316829, at *1 (3d Cir. Sept. 23, 2021); *United States v. Paulino-Escalera*, 2022 WL 13837812, at *2, 4 (D.N.J. Oct. 21, 2022) (denying compassionate release where vaccinated and boosted defended suffered from asthma, obesity, and hypertension among other medical conditions); *United States v. Roper*, 2021 WL 963583, at *4 (E.D. Pa. Mar. 15, 2021) (finding the risk to a vaccinated defendant that suffers from hypertension and obesity was "substantially reduce[d]" and as such "[t]he risk posed to an inoculated Mr. Roper is not an extraordinary and compelling reason for his release.").

Hagins's risk factors on their own given his vaccination status and the ability of FCI Otisville's to manage his healthcare and administer his medication, do not amount to extraordinary and compelling circumstances warranting consideration of his release. *See United States v. Musky*, 2023 WL 1462827, at *1 (3d Cir. Feb. 2, 2023) (affirming a district court's denial of compassionate release, "[a]lthough Muskey's medical conditions place him at a higher risk of serious illness from COVID-19, [because] the District Court permissibly weighed that risk against his receipt of a vaccine and demonstrated ability to manage his conditions in prison."); *see also United States v. Folk*, 2022 WL 58540, at *2 (3d Cir. Jan. 6, 2022), *cert. denied*, 142 S. Ct. 2848 (2022) (finding the District Court did not abuse its discretion in denying compassionate release for a defendant with hypertension); *United States v. Gonzalez*, 2021 WL 662496, at *2-3 (E.D. Pa. Feb. 19, 2021), *aff'd*, 850 F. App'x 821 (3d Cir. 2021) (denying compassionate release where defendant had a BMI between 35 and 35.9 and collecting cases from "numerous courts in [the Third] Circuit [which] have held that a BMI around or moderately above 35 is insufficient to present an extraordinary and compelling reason that may warrant release.").

Hagins also argues that conditions at FCI Otisville are so harsh that they justify reducing his sentence. He states that it is impossible to practice social distancing in a prison environment, making his risk of exposure to COVID-19 extremely high, particularly considering the facility's proximity to New York City. He also notes that certain protective supplies are unavailable (like gloves and bleach or alcohol-based cleansers) or the wrong type (like using cloth masks rather than those suggested by the CDC). Although the Court does not minimize the havoc COVID-19 has wrought, the "harsh" conditions of confinement adopted in response to the COVID-19 pandemic are applicable to "all inmates and do not in themselves warrant special treatment." *United States v. Hernandez*, 2022 WL 910091, at *6 (E.D. Pa. Mar. 29, 2022); *see also e.g.*, *United States v. Dupree*, 852 F. App'x 656, 658 (3d Cir. 2021) (denying a request for compassionate release from FCI Otisville where the defendant's "risk of exposure [there] appears to be minimal[.]"); *see also e.g.*, *United States v. Parks*, 2023 WL 3060768, at *5 (E.D. Pa. Apr. 21, 2023) (denying compassionate release where a defendant with diabetes, hypertension, and a vitamin deficiency incarcerated at FCI Otisville failed to demonstrate extraordinary and compelling circumstances). Indeed, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]" *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *United States v. Everett*, 2021 WL 322182, at *2-3 (W.D. Pa. Feb. 1, 2021) (recognizing "every prisoner in the facility and other BOP facilities is subject to similar conditions" the purpose of which "is to protect the health of inmates and facility staff during a once-in-a-century pandemic.") (internal citation, alterations, and quotation marks omitted); *United States v. Johnson*, 2021 WL 4120536, at *3 (S.D.N.Y. Sept. 9, 2021). These conditions therefore do not constitute extraordinary or compelling circumstances. *United States v. McLean*, 2021 WL

7

5896527, at *2 (3d Cir. Dec. 14, 2021) (affirming District Court's determination that prison conditions did not present an extraordinary and compelling circumstances which warranted compassionate release). As such, the conditions Hagins experienced are not extraordinary and compelling. *United States v. Gupton*, 2022 WL 3448233, at *2 (E.D. Pa. Aug. 16, 2022).

Likewise, Hagins's good behavior and rehabilitation cannot serve as a basis for compassionate release as a matter of law. Although this Court commends Hagins on his efforts towards rehabilitation and his completion of various programs, the text of the statute makes explicit that an individual's "rehabilitation" cannot be considered an extraordinary and compelling reason that warrants a reduction in his sentence. *See* 28 U.S.C. § 994(t); U.S.S.G § 1B1.13, cmt. n.3; *United States v. Claudio*, 2022 WL 1623650, at *3 (E.D. Pa. May 23, 2022); *Gupton, 2022 WL 3448233*, at *2-3. As such, Hagins's motion for compassionate release will be dismissed.

### III.  CONCLUSION

Extraordinary or compelling circumstances do not exist to warrant a reduction in Hagins's sentence. As such, Hagins's Motion for Compassionate Release will be denied.

An appropriate order follows.

                                           **BY THE COURT:**

                                           **/S/WENDY BEETLESTONE, J.**
                                           **WENDY BEETLESTONE, J.**