IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | |
| SEAN L. HAGINS | NO.  06-0485 |

### MEMORANDUM OPINION

In March 2008, a jury convicted Sean Hagins of conspiring to straw purchase firearms, in violation of 18 U.S.C. § 371, and four counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  At sentencing, the Court found that Hagins was categorized at offense level 35 and criminal history category VI, with a resulting Sentencing Guidelines range of 292-365 months.  Hagins was then sentenced to near the top of that range—360 months' imprisonment—along with three years' supervised release, a fine of $10,000, and a $500 special assessment.  The Third Circuit subsequently affirmed those convictions and that sentence.  *See United States v. Hagins*, 452 F. App'x 141 (3d Cir. 2011).

Hagins, proceeding *pro se*, now moves for a reduction in his sentence pursuant to the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A)(i).  That statute authorizes district courts to modify an imposed term of imprisonment upon a finding that "extraordinary and compelling reasons warrant such a reduction."  *Id.*  Congress did not define "extraordinary and compelling reasons," instead instructing the U.S. Sentencing Commission to do so.  28 U.S.C. § 994(t).  Consistent with this direction, the Sentencing Commission recently promulgated a revised policy statement which states that a defendant's "unusually long sentence" that is grossly disproportionate to a "sentence likely to be imposed at the time the motion is filed" is a basis for compassionate release.  U.S.S.G. § 1B1.13(b)(6).

Hagins seeks application of this policy statement to his case, arguing that several recent changes in the law would have yielded a significantly lower sentence if applied to his case. First, he notes that his criminal history category of VI reflected his three convictions for possession of marijuana in New Jersey state court, which collectively resulted in four criminal history points. New Jersey has since decriminalized the possession of small amounts of marijuana, and its legislature has ordered the expungement of all convictions for the same. *See* N.J. Stat. Ann. § 2C:35-23.1. Second, Hagins's criminal history score included one "recency" point, which was added because he committed the instant offense "less than two years following release from confinement." U.S.S.G. § 4A1.1(e) (2008). The Sentencing Commission subsequently eliminated recency points, concluding that they had little effect on a defendant's risk of recidivism. *See* U.S. Sent'g Comm'n, Amendment 742 (effective Nov. 1, 2010). Taken together, Hagins argues, these changes would place him in a lower criminal history category if he were sentenced today, "warranting reevaluation of his original guideline calculation and endorsing a reduced sentence."

If Hagins's expunged marijuana convictions were removed from his criminal history and the one recency point not applied, those changes would reduce his criminal history score from 15 to 10, lowering him from criminal history category VI to V. Applying that new criminal history category to his offense level of 35 would yield a new guidelines range of 262-327 months—*i.e.*, a range with an upper sentence that is just 10% shorter than the 360-month sentence Hagins actually received.

Whether this difference constitutes an "extraordinary and compelling" basis for compassionate release (which the Sentencing Commission, in U.S.S.G. § 1B1.13(b)(6), has defined as "a *gross* disparity between the sentence being served and the sentence likely to be

imposed at the time the motion is filed[,]" (emphasis added), need not be decided here because binding precedent forecloses application of U.S.S.G. § 1B1.13(b)(6) to Hagins's case. In *United States v. Andrews*, the Third Circuit held that "[t]he duration of a lawfully imposed sentence does not create an extraordinary or compelling circumstance" warranting compassionate release. 12 F.4th 255, 260-61 (3d Cir. 2021). As this Court recently determined, this decision "remains binding law in this circuit, and it forecloses [the defendant's] argument that he is eligible for compassionate release pursuant to Section 1B1.13(b)(6) of the Sentencing Commission's revised policy statement." *United States v. Carter*, --- F.Supp.3d ----, 2024 WL 136777, at *6 (E.D. Pa. Jan. 12, 2024) (Beetlestone, J.).

> As explained, Section 1B1.13(b)(6) states that an "unusually long sentence" may be deemed an "extraordinary and compelling reason" warranting compassionate release, provided that the defendant has served at least 10 years of their term of incarceration, and that a non-retroactive change in the law has produced a "gross disparity" between the sentences of otherwise similarly situated individuals. U.S.S.G. § 1B1.13(b)(6). That provision—which indisputably covers [the defendant] and others in his position—is incompatible with *Andrews*'s interpretation of the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A)(i), and its holding that "the duration of [a defendant's] sentence and the nonretroactive changes to mandatory minimums" is not one of the "extraordinary and compelling reasons" described by the statute. *Andrews*, 12 F.4th at 260.

*Id.* "Unless and until any reconsideration of *Andrews* takes place or it is abrogated by a Supreme Court decision," *id.* at *5, Section 1B1.13(b)(6) may not serve as the basis for the sort of compassionate release requested here.[1]

---

[1] As Hagins notes, other judges in this District have held otherwise and applied Section 1B1.13(b)(6) to defendants serving unusually and disproportionately long sentences. *See, e.g.*, *United States v. Skeeters*, 2024 WL 992171 (E.D. Pa. Mar. 7, 2024) (Bartle, J.); *United States v. Moore*, 2024 WL 1286935 (E.D. Pa. Mar. 26, 2024) (Kearney, J.). But while the Court has carefully considered those opinions, they are not binding precedent, and so the Court will continue to apply its holding from *Carter* barring further guidance from the Third Circuit.

3

Hagins further argues that his substantial efforts towards rehabilitation and his solid support system and employment prospects upon release from prison weigh in favor of reducing his sentence.  But these considerations are only relevant once a defendant has satisfied the "threshold question" of whether there are "'extraordinary and compelling' reasons for release."  *United States v. Stewart*, 86 F.4th 532, 535 (3d Cir. 2023).  Here, where "extraordinary and compelling reasons" for compassionate release—at least as defined by Third Circuit precedent—do not exist, Hagins is not entitled to relief.

An appropriate order follows.

**BY THE COURT:**

*/s/ Wendy Beetlestone*

**WENDY BEETLESTONE, J.**